IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| TESHA GIPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 24-cv-01066-LKG |
| v. ) | |
| ) | Dated: April 1, 2025 |
| VERTEX AEROSPACE, LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

### I.   INTRODUCTION

In this civil action, the Plaintiff, Tesha Gipson, brings claims for retaliation under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and intentional infliction of emotional distress, against the Defendant, Vertex Aerospace, LLC ("Vertex"), arising from Vertex's refusal to hire the Plaintiff.  *See generally* ECF No. 33.  Vertex has moved to partially dismiss the amended complaint, pursuant to Fed. R. Civ. P. 12(b)(6).  ECF Nos. 36 and 36-1.  The motion is fully briefed.  ECF Nos. 36, 36-1, 37 and 38.  No hearing is necessary to resolve the motion.  *See* L.R. 105.6 (D. Md. 2023).  For the reasons that follow, the Court:  (1) **GRANTS** the Defendant's motion to partially dismiss and (2) **DISMISSES** Count II of the amended complaint.

### II.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

#### A.   Factual Background

In this civil action, the Plaintiff asserts retaliation and intentional infliction of emotional distress claims against Vertex, arising from Vertex's refusal to hire the Plaintiff.  *See generally* ECF No. 33.  Specifically, the Plaintiff asserts the following claims against Vertex in the amended complaint:  (1) Title VII retaliation (Count I); and (2) intentional infliction of emotional

---

[1] The facts recited in this memorandum opinion are derived from the complaint, the Defendant's motion to partially dismiss, and the memorandum in support thereof.  ECF Nos. 33, 36 and 36-1.  Unless otherwise stated, the facts are undisputed.

1

distress (Count II). *Id.* As relief, the Plaintiff seeks to recover, among other things, monetary damages and attorney's fees and costs from Vertex. *Id.* at Prayer for Relief.

## The Parties

Plaintiff Tesha Gipson is a Maryland resident and a former employee of DynCorp International, LLC ("DynCorp"). *Id.* at ¶¶ 4 and 6.

Defendant Vertex is a company that does business in Maryland and is a government contractor. *Id.* at 5.

## Background

As background, the Plaintiff previously worked for DynCorp on the Naval Test Wing Atlantic ("NTWL") program. *Id.* at ¶¶ 5 and 6. During her employment with DynCorp, the Plaintiff filed a charge of discrimination and lawsuit against DynCorp alleging race discrimination, which ultimately settled. *Id.* at ¶ 7. Sometime thereafter, Vertex assumed certain government contracts held by DynCorp and hired many former employees of DynCorp. *Id.* at ¶ 9. The Plaintiff alleges that some of these former DynCorp employees, namely, Kenneth Alms and Anthony "Tony" Garcia, were familiar with her charge of discrimination and lawsuit. *Id.*

The Plaintiff alleges that she was contacted by a Vertex recruiter, in or around February 2023, and was asked to apply for several positions with Vertex. *Id.* at ¶ 10. The Plaintiff also alleges that Mr. Alms and Mr. Garcia were hiring managers for the positions for which she applied. *Id.* at ¶ 11. And so, the Plaintiff alleges that, despite her qualifications, Vertex refused to hire her because of her prior charge of discrimination and lawsuit against DynCorp. *Id.* at ¶¶ 12 and 13.

In this regard, the Plaintiff alleges that Vertex's refusal to hire her, because she previously sued DynCorp, was inappropriate, unacceptable and outrageous by any reasonable standards. *Id.* at ¶¶ 34 and 35. The Plaintiff alleges also that she was forced to take a lower paying job, her self-esteem and self-image were damaged, and she suffered emotional distress, including anxiety, stress, humiliation and other ailments, as a direct result of Vertex's actions. *Id.* at ¶¶ 36-38.

Given this, the Plaintiff alleges that Vertex retaliated against her for filing a charge of discrimination and lawsuit against DynCorp, in violation of Title VII, and that she has suffered

"emotional distress," due to Vertex's conduct. *Id.* at ¶¶ 34-38.  And so, the Plaintiff seeks to recover, among other things, monetary damages and attorney's fees and costs from Vertex. *Id.* at Prayer for Relief.

### B.     Procedural History

On April 12, 2024, the Plaintiff filed the complaint in this matter.  ECF No. 1.  On August 7, 2024, the Plaintiff filed an amended complaint by leave of the Court.  ECF Nos. 32 and 33.

On October 2, 2024, the Defendant filed a motion to partially dismiss the amended complaint, pursuant to Fed. R. Civ. P. 12(b)(6), and a memorandum in support thereof.  ECF Nos. 36 and 36-1.  The Plaintiff filed a response in opposition to the Defendant's motion on October 16, 2024.  ECF No. 37.  The Defendant filed a reply brief on October 30, 2024.  ECF No. 38.

The Defendant's motion to partially dismiss the amended complaint having been fully briefed, the Court resolves the pending motion.

## III.   LEGAL STANDARDS

### A.  Fed. R. Civ. P. 8 And 12(b)(6)

Under Fed. R. Civ. P. 8(a), a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible when "the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).

When evaluating the sufficiency of a plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff.  *Nemet Chevrolet, Inc. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009); *Lambeth v. Bd. Of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005) (citations omitted).  But the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement."  *Nemet*

*Chevrolet*, 591 F.3d at 255.  And so, the Court should grant a motion to dismiss for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE inv. Priv. Placement Partners II, L.P. v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989)).

### B. Intentional Infliction Of Emotional Distress

Under Maryland law, the elements of a claim for intentional infliction of emotional distress are as follows:  (1) intentional or reckless conduct; (2) extreme and outrageous conduct; (3) a causal connection between the wrongful conduct and the emotional distress; and (4) severe emotional distress.  *Harris v. Jones*, 380 A.2d 611, 614 (Md. 1977).  Such claims are also subject to a heightened pleading standard.  *See Davenport v. Maryland*, 38 F. Supp. 3d 679, 692 (D. Md. 2014).  And so, each element of an intentional infliction of emotional distress claim must be pled with specificity.  *See Foor v. Juvenile Servs. Admin.*, 552 A.2d 947, 949 (Md. Ct. Spec. App. 1989), *cert denied*, 316 Md. 364 (1989); *accord Parker v. Ciena Corp.*, 787 F. App'x 817, 820 (4th Cir. 2019).

To show "intentional or reckless conduct," a plaintiff must allege facts to show that "the defendant either *desired* to inflict severe emotional distress, *knew* that such distress was *certain or substantially certain* to result from his conduct, or acted recklessly in deliberate disregard of a *high degree of probability* that the emotional distress will follow." *Foor*, 552 A.2d at 959.  In this regard, a foreseeable consequence of a defendant's actions "must be far more precise" than the "general range of harm" sufficient for a negligence claim, because "it is the achievement of that consequence, from which the distress is expected to arise, that lies at the heart" of a claim for intentional infliction of emotional distress.  *Id.*

To show "extreme and outrageous conduct," a plaintiff must also allege facts to show that a defendant's behavior was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Harris*, 380 A.2d at 614.  And so, to be actionable, the conduct "must strike to the very core of one's being, threatening to shatter the frame upon which one's emotional fabric is hung." *Hamilton v. Ford Motor Credit Co.*, 502 A.2d 1057, 1064 (Md. Ct. Spec. App. 1986), *cert. denied*, 306 Md. 118 (1986).  Lastly, a plaintiff must "show that [she] suffered a *severely* disabling emotional response to the defendant's conduct." *Caldor, Inc. v.*

4

*Bowden*, 625 A.2d 959, 964 (Md. 1993).  Given this, Maryland courts have held that a plaintiff must allege facts to show that she is unable to function, or tend to necessary matters, to establish a severely disabling emotional response.  *See Mitchell v. Balt. Sun-Co.*, 883 A.2d 1008, 1024-25 (Md. Ct. Spec. App. 2005) (citing *Hamilton*, 502 A.2d at 1064).

IV.   **ANALYSIS**

Vertex has moved to dismiss the Plaintiff's intentional infliction of emotional distress claim in Count II of the amended complaint, pursuant to Fed. R. Civ. P. 12(b)(6), upon the grounds that the amended complaint lacks sufficient factual allegations to show either:  (1) extreme and outrageous conduct, or (2) that the Plaintiff's emotional distress was severe.  *See generally* ECF Nos. 36 and 36-1.  And so, Vertex requests that the Court dismiss the Plaintiff's intentional infliction of emotional distress claim.  ECF No. 36-1 at 7.

The Plaintiff counters that she alleges a plausible intentional infliction of emotional distress claim in this case, because the amended complaint alleges facts to show that:  (1) Vertex refused to hire her "because she sued the last company" and (2) she was forced to take a lower paying job, her self-esteem and self-image were damaged, and she suffered anxiety, stress, humiliation and other ailments, due to Vertex's alleged conduct.  ECF No. 37 at 4-6.  And so, the Plaintiff requests that the Court DENY Vertex's motion.  *Id.* at 8.

For the reasons set forth below, a careful reading of the amended complaint makes clear that the Plaintiff fails to allege facts to show either that:  (1) Vertex engaged in extreme and outrageous conduct or (2) she suffered severe emotional distress, as a result of any such conduct.  And so, the Court:  (1) **GRANTS** the Defendant's motion to partially dismiss the amended complaint and (2) **DISMISSES** Count II of the amended complaint.

   A.  **The Plaintiff Fails To State A Plausible Intentional Infliction Of Emotional Distress Claim**

As an initial matter, a careful reading of the amended complaint makes clear that the Plaintiff does not allege facts to show that Vertex's conduct was extreme and outrageous to support her intentional infliction of emotional distress claim.  To state a claim for intentional infliction of emotional distress, the Plaintiff must show, among other things, that Vertex engaged in conduct that was "so outrageous in character and so extreme in degree as to go beyond all possible bounds of human decency, and to be regarded as atrocious and utterly intolerable in a

5

civilized society." *Harris*, 380 A.2d at 614.  In this regard, Maryland courts have made clear that such conduct "must strike to the core of one's being, threatening to shatter the frame upon which one's emotional fabric is hung." *Hamilton*, 502 A.2d at 1064.  The Plaintiff has not alleged facts to make such a showing in this case.

As Vertex persuasively argues, the amended complaint lacks facts to show any extreme and outrageous conduct by Vertex.  The Plaintiff alleges in the amended complaint that Vertex refused to hire her "because she sued the last company," namely DynCorp.  ECF No. 33 at ¶ 13.  But Vertex's alleged refusal to hire the Plaintiff, based upon an alleged retaliatory animus, is not the kind of extreme and outrageous conduct that the Plaintiff is required to show to sustain her claim for intentional infliction of emotional distress under Maryland law.  *See, e.g.*, *Hamilton*, 502 A.2d at 1064 ("To satisfy that element, conduct must completely violate human dignity."); *Gillon v. Balt. Cnty., Md.*, 328 F. Supp. 2d 583, 590-91 (D. Md. 2004) ("[N]ot being offered a desired employment position is far removed from the extreme and outrageous conduct required.").  Given this, the Plaintiff's intentional infliction of emotion distress claim is simply not plausible.

The Plaintiff's intentional infliction of emotion distress claim is also implausible, because she fails to allege sufficient facts in the amended complaint to show that she suffered the kind of severe emotional distress required to state a claim for intentional infliction of emotional distress.  To state a claim for intentional emotional distress under Maryland law, the Plaintiff must allege facts that, taken as true, show that Vertex's conduct caused her to "suffer a severely disabling emotional response," such that "no reasonable person could be expected to endure it."  *Harris¸* 380 A.2d at 616.  Again, the Plaintiff has not met her burden.

In the amended complaint, the Plaintiff alleges that she was forced to take a lower paying job, her self-esteem and self-image were damaged, and she suffered anxiety, stress, humiliation and other ailments, as a result of Vertex's conduct.  ECF No. 33 at ¶¶ 37 and 38.  While this outcome for the Plaintiff is unfortunate, these factual allegations, taken as true, do not show the kind of severe emotional distress required to state a claim for intentional infliction of emotional distress.  *See, e.g.*, *Mitchell*, 883 A.2d at 1024-25 (citing *Hamilton*, 502 A.2d at 1064) (holding that a plaintiff must allege facts to show he is unable to function or tend to necessary matters).  Given this, the Court agrees with Vertex that the Plaintiff has also not alleged sufficient facts to show that she suffered a severely disabling emotional response, as required under Maryland law.

6

Because the amended complaint is devoid of factual allegations that, taken as true, could plausibly show that the Defendant engaged in extreme and outrageous conduct that caused the Plaintiff severe emotional distress, the Plaintiff fails to state a plausible intentional infliction of emotional distress claim in the amended complaint.  And so, the Court must **DISMISS** Count II of the amended complaint.

## V. CONCLUSION

In sum, a careful reading of the amended complaint makes clear that the Plaintiff has not stated a plausible intentional infliction of emotional distress claim in Count II of the amended complaint.  And so, for the foregoing reasons, the Court:

1. **GRANTS** the Defendant's motion to partially dismiss the amended complaint (ECF No. 36); and

2. **DISMISSES** count II of the amended complaint.

The Defendant shall **ANSWER**, or otherwise **RESPOND** to, the remaining claim in the amended complaint **on or before April 22, 2025**.

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge